CARROLL, DONALD K., Judge.
The plaintiff in an action upon an insurance policy has appealed from a final judgment on the pleadings entered by the Circuit Court for Volusia County in favor of the defendant.
The primary question presented for our determination in this appeal is whether, under our procedural rules, the said judgment was properly entered prior to the defendant’s filing of its answer to. the plaintiff’s complaint.
The plaintiff alleges in his complaint that the defendant, an insurer, issued its group hospitalization policy covering him and that within the coverage period he was injured and hospitalized as a result of a vehicle collision in a cetrain parking lot while he was operating “a motorscooter (a scooter, not a motorcycle) * * * ” and that he demanded that the defendant pay hospital benefits in accordance with the said policy but the defendant denied coverage.
The policy sued upon, a copy of which is attached to the complaint, provides for coverage of insured persons injured in automobile accidents while “ * * * riding within or driving any private automobile of the exclusively pleasure type (motorcycles excepted) * * * ”
The intriguing question of whether a mo-torscooter constitutes a motorcycle under the quoted policy provision is not necessary to be determined in this appeal if we hold, as we do, that the trial court had no authority to enter the judgment appealed from. In this appeal we do not pass upon the said question one way or the other.
A trial court’s authority to enter a judgment on the pleadings is grounded upon the following provision of Rule 1.140(c) of the Florida Rules of Civil Procedure:
“Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.”
It is well established by the decisions of this court that both the letter and the spirit of the quoted provision require that the pleadings be closed before the trial court can properly enter a judgment on the *613 pleadings. In effect, we so held in Davis v. Davis, Fla., 123 So.2d 377 (1960). See also Reinhard v. Bliss, 85 So.2d 131 (Fla.1956). Rule 1.140(c), however, requires no judicial construction because the rule specifically states that a party may move for a judgment on the pleadings after the pleadings are closed.
On the date when the court entered the judgment on the pleadings, the defendant had not filed its answer to the plaintiff’s complaint nor had the defendant’s motion to dismiss the complaint been ruled on by the court, so the pleadings were not then closed.
Under these conditions we think that the court prematurely and without authority entered the final judgment on the pleadings appealed from herein. That judgment, therefore, must be, and it is, reversed and the cause remanded with directions for further proceedings consistent with the views above set forth.
Reversed and remanded with directions.
WIGGINTON, C. J., and RAWLS, J., concur.