336 So.2d 699 (1976)
Francis P. O'NEILL, a/K/a Patrick F. O'Neill, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1222.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
Rehearing Denied September 27, 1976.
*700 Mary Lee Garfield, Washington, D.C., and William B. Seidel, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., and Philip Montante, Acting Sp. Asst. Atty. Gen., Fort Lauderdale, for appellee.
MELVIN, WOODROW M., Sr., Associate Judge.
The parties will be here identified as they were in the trial court. The Defendant, Francis P. O'Neill, also known as Patrick F. O'Neill, was found guilty by judge trial of the offense of (1) sale of unregistered securities, and (2) sale of unregistered securities without being registered as a dealer or salesman, contrary to the applicable provisions of Sales of Securities Law, Chapter 517 F.S.
A security is defined in Section 517.02, Florida Statutes:
"(1) `Security' shall include any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation, whiskey warehouse receipt, or other commodity warehouse receipt, or right to subscribe to any of the foregoing; certificates of interest in a profit-sharing agreement, or the right to participate therein; certificate of interest in an oil, gas, petroleum, mineral or mining title or lease, or the right to participate therein; collateral trust certificate, preorganization certificate, preorganization subscription, or any transferable share, investment contract, or beneficial interest in title to property, profits or earnings; interest in or under a profit-sharing or participation agreement or scheme, or any other instrument commonly known as a security, including an interim or temporary bond, debenture, note, certificate or receipt for a security or for subscription to a security." (emphasis supplied)
The Florida Sales of Securities Law was enacted in harmony with the police power of the State and for the purpose of protecting the public from fraudulent and deceptive practices in the securities market. Edwards v. Trulis, Fla.App., 212 So.2d 893, text 895.
The document that is the basis for the State's charge against O'Neill was executed by A.I.D. Incorporated, a Colorado corporation, Francis P. O'Neill, President, and it assigned and conveyed to Frank F. Conti (true name being Frank Troy, an undercover agent for the Florida Department of Law Enforcement) a fractional interest in an oil, gas and mineral lease as to described real estate in the Big Shanty Field Group, Lafayette Township, McKeon County, Pennsylvania, for a consideration of $5,000. The assignment conveyed "a leasehold average interest of 0.004444 per cent of the producing properties hereinafter described based on calculations of known reserves" and further "assignor warrants to assignee that it is the owner of the interest being assigned herein, and that there are completed, drilled, and producing oil wells located on the described property which are warranted to be capable of producing oil in quantity sufficient to produce 1666.67 barrels of oil from the assigned 0.004444 average interest within a period of five years from date." (emphasis supplied)
The oil contract to which the assignment relates is between Universal Major Industries Corporation, a Nevada Corporation, and Banner Oil and Gas Funds, Inc., with offices in Kinston, New York, as seller, and A.I.D., Inc., a Colorado corporation, begin designated as the buyer. The seller warranted that at the rate of 0.857142 per barrel of oil in place that "the hereinafter described oil leases and wells can and will *701 produce 375,000 barrels of oil within a five-year period, on a declining basis." (emphasis supplied)
The contract further provides that the leases and oil wells in question "are being operated by Western Penn Operating Company and that said operations by West Penn Operating Company, or Universal Major Industrial Corporation shall continue until the well resources are depleted or the 375,000 barrels of oil are delivered, or five years, whichever is first." The document further reserved to the seller the right to recapture the leased interest for salvage value if one or more of the wells became economically unproductive and was plugged and abandoned.
In determining whether the document is a security requiring registration under the Sales of Securities Law and whether the Defendant as a seller or dealer was required to register, we look not to the form but to the whole of the transaction, to the content of the document. The document reflects an investment of money in a common enterprise out of which profits, if any, were dependent solely upon the efforts of others. Based upon an analysis of the document and the totality of the activities of the Defendant, it is clear that the document is a security within the spirit and letter of Section 517.02, that the Defendant as an individual was conducting himself as a dealer in the security, and therefore he was required to be registered. The security instrument, and the sale thereof, here being considered do not come within any of the exemptions contained in the Sales of Securities Law.
We affirm the judgment of guilt and the sentences appealed from. See SEC v. Howey, 328 U.S. 293, 66 S.Ct. 1100, text 1104, 90 L.Ed. 1244, and United Housing Foundation, Inc. v. Foreman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621. See also 13 University of Miami Law Review, 320; 20 University of Miami Law Review, 546, for a comprehensive review of the development of securities law in the United States.
The Defendant in this Court seeks to raise for the first time a constitutional assault upon the Sales of Securities Law. The issue, not having been presented to the trial court, is out of season.
We have considered all other points properly presented and find each to be without merit.
AFFIRMED.
WALDEN, C.J., and DOWNEY, J., concur.