344 So.2d 938 (1977)
Daniel LEVINE and Richard Schaffer, Appellants,
v.
I.R.E. PROPERTIES, INC., a Florida Corporation, et al., Appellees.
No. 76-765.
District Court of Appeal of Florida, Third District.
April 19, 1977.
*939 Cassel & Benjamin, Miami, for appellants.
Pettigrew, Arky, Freed, Stearns, Watson & Greer, Miami, for appellees.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by the plaintiffs, Daniel Levine and Richard Schaffer, from a summary final judgment in favor of the defendants, I.R.E. Properties, Inc., Alan B. Levan and Theodore Newman, in an action to void the sale of an apartment complex pursuant to the sale of securities law, Chapter 517, Florida Statutes, and for rescission and damages.
The record reflects that on June 17, 1973, Levine and Schaffer purchased from I.R.E. Properties, Inc., an apartment complex located in Texas. The purchase agreement provided that the purchasers and sellers would enter into a management contract whereby I.R.E. Properties would manage the property. By the terms of the management contract, I.R.E. became the plaintiff-purchasers' agent for the operation of the building. The agreement also provided that it could be cancelled by either party upon thirty days prior written notice.
The apartment project began losing money. Levine and Schaffer demanded that I.R.E. take back the property and return all monies invested, claiming that I.R.E.'s agents had assured them prior to the sale, a 17 per cent return on their investment. Levine and Schaffer then filed a three count complaint alleging (1) that the sale constituted the sale of a security in violation of Chapter 517, Florida Statutes, entitling them to void the sale; (2) that I.R.E. and its agents misrepresented the income to be made on the project, entitling them to recission; and (3) entitlement to damages and other relief based on the misrepresentations. The plaintiffs amended Count I, and added allegations that I.R.E. and its agents represented that the project would return 17 per cent; that the project would be fully managed by I.R.E. Properties through a collateral corporation, I.R.E. Investments; and that Levine and Schaffer were assured that neither of them would have to be concerned with managing the property.
Both sides moved for summary judgment. The trial court granted the defendants' motion for summary judgment, finding as a matter of fact and law that the purchase agreement and management agreement did not constitute a security as defined in Chapter 517, supra. The court further found that I.R.E. Properties was the agent for Levine and Schaffer; that there was a fiduciary relationship between the parties; that I.R.E. acted on behalf of and subject to the purchasers' control and consent; and that no common enterprise existed, thus, the purchasers were not expecting profits from the efforts of others. The court concluded that the transaction failed in two material respects to come within the definition of a security as a matter of law. Summary judgment was entered in favor of the defendants on all three counts.
At the outset, we note that Counts II and III of the plaintiffs' complaint were strictly causes of action for rescission and damages based upon misrepresentation and were separate and apart from the cause of action under Chapter 517 in Count I. In *940 our opinion, the pleadings, documents and affidavits contained in the record in this case raise genuine issues of material fact on Counts II and III, and the summary judgment entered as to those counts was improper.
The remaining question, then, is whether the trial court erred in finding as a matter of law and fact that the sale did not constitute the sale of a security in violation of Chapter 517, and in entering summary judgment on Count I.
A security is defined as a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party. Securities and Exchange Commission v. W.J. Howey Company, 328 U.S. 293, 298, 66 S.Ct. 1100, 90 L.Ed. 1244; Sunshine Kitchens v. Alanthus Corporation, 403 F. Supp. 719 (S.D.Fla. 1975). In determining the meaning and scope of the term "security," form should be disregarded for substance, and the focus should be on economic reality. Sunshine Kitchens v. Alanthus Corporation, supra. Whether a particular investment constitutes a security depends upon the facts and circumstances of each individual case. Securities and Exchange Commission v. Joiner, 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88; Securities and Exchange Commission v. W.J. Howey Company, supra.
The record discloses that the entry of summary judgment was based solely on the documents before the court. In our opinion, the fact that the management contract is cancellable on thirty days notice is not conclusive of whether the transaction constitutes a security. Compare Fargo Partners v. Dain Corporation, 540 F.2d 912 (8th Cir.1976). In the instant case, there are other genuine issues of fact which are material to a determination of whether it is a security. We find that it will be necessary to consider evidence and proof beyond the documents presented on motion for summary judgment in order to negative the existence of any material issues of fact.
Therefore, we hold that the trial court erred in entering summary judgment in favor of the defendants on the first count, sounding in violation of the sale of securities law.
The summary judgment is reversed as to all three counts, and the cause is remanded to the trial court for further proceedings.