370 So.2d 1155 (1978)
LE CHATEAU ROYAL CORPORATION, Appellant,
v.
Emil PANTALEO, Appellee.
No. 77-326.
District Court of Appeal of Florida, Fourth District.
November 8, 1978.
On Rehearing January 31, 1979.
*1156 Jerry E. Rose, of Davis, Smith & Rose, West Palm Beach, for appellant.
Walter B. Hutcheson, Jr., of McGee, Johnson, Jordan, Hutcheson & Young, Lake Worth, for appellee.
DOWNEY, Chief Judge.
This case involves an alleged violation of Florida Sale of Securities Act, Ch. 517, Florida Statutes (1973).
In May and June 1973 appellee entered into three contracts with appellant for the purchase of three condominium apartments which appellant was in the process of constructing. Among other things, the contracts provided that appellee would purchase the described apartments contingent upon appellee's obtaining a mortgage loan from Home Federal Savings and Loan Association of Palm Beach. A closing date was specified and in the event of default appellant was entitled to retain the deposits totalling $24,700. Appellee refused to close; appellant refused to return the deposits, and this suit to recover the deposits ensued.
Appellee testified that he entered into the contracts in question at the insistance of appellant's Sales Director, Kravetz, who agreed with appellee that he would not be required to close the sales because appellant would sell the apartments for appellee for a profit prior to appellee's closing date. Appellee also secretly agreed with Kravetz to pay him a 1% commission on the sale of appellee's apartments. In view of these assurances appellee signed the contracts, paid the deposits and awaited appellant's re-sale of the apartments and receipt of appellee's profit. However, appellant was unsuccessful in selling the apartments for appellee and after some months, and with Kravetz' consent, appellee himself sought to make a sale, also without success. Finally, closing time came and appellee refused to close. Because of Kravetz' assurances, appellee never applied to the Federal Savings and Loan Association for a mortgage loan.
The only witness at trial for appellant was the corporate secretary who had nothing to do with sales at this condominium. He admitted that Kravetz was the Sales Director and Agent of appellant and that he was acting within the scope of his authority when he contracted to sell these apartments to appellee. However, the Secretary denied that Kravetz had any authority to make the oral agreement for resale to which the appellee testified. On this issue the appellee offered in evidence the admission of Gus King, President of appellant corporation, in which Mr. King admitted that appellant's sales personnel, such as Kravetz, were encouraged to promote the sale of apartments by stating to potential purchasers that the price being paid was a fair price and that the apartment would likely increase in value, and if the purchaser decided to sell the apartment the appellant would cooperate in effecting a re-sale. King denied, however, that appellant's sales people were authorized to guarantee the apartments would be resold for a profit and he denied that the representations made constituted a sales promotion "scheme."
The trial court found that Kravetz, an employee of appellant, was acting within the scope of his employment when he represented to appellee that appellee never need close on the units and that appellant would resell them for appellee at a profit prior to *1157 closing. Based on this finding the trial court found the contracts to be investment contracts and a violation of the Sales of Securities Act in that the contracts constituted unregistered securities within the purview of that Act. Thus, the trial court rendered judgment for appellee for the recovery of his $24,700 deposit.
The main thrust of appellant's argument on appeal is that the contracts in question were not securities requiring registration because they did not constitute investment contracts in that they did not involve the investment of money in a common enterprise nor were the profits to come solely from the efforts of others. Secondly, appellant contends that the contracts were not binding upon appellant because the salesman was not acting within the scope of his employment in making such representations.
Section 517.07, Florida Statutes (1973), prohibits the sale of any securities within the State (except those exempt under 517.05 or unless sold in an exempt transaction under 517.06), unless they have been registered as required by law. A security is defined in Section 517.02(1) as including, among other things, an investment contract. The most widely accepted test to determine whether a particular contract is an investment contract is that contained in Securities and Exchange Commission v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). There the United States Supreme Court held that:
"[A]n investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise." 66 S.Ct. at 1103.
There is no question in this case that appellee made an investment of money. However, appellant contends that appellee's evidence does not satisfy the other two elements constituting an investment contract because the evidence does not show that there was an investment in a "common enterprise" nor that the profits were to come solely from the efforts of others. The latter contention is based upon the fact that appellee testified that, when appellant was not successful in selling the units for him, Kravetz allowed him to try to sell them himself. However, the original contract was that appellant's sales force would sell the units for appellee and it was only when appellant failed to sell them that appellee tried to do so. In addition, as the court pointed out in Securities and Exchange Commission v. Koscot Interplanetary, Inc., 497 F.2d 473 (5th Cir.1974), in defining "solely from the efforts of others," the remedial purposes of the act and the language and derivation of the test require that courts not take a literal approach. The court concluded the efforts made by those other than the investor must be the significant ones in comparison to those made by the investor. Appellee's efforts were insignificant compared to appellant's and therefore this element of the test is met.
The more serious contention regarding the applicability of the Sale of Securities Act is appellant's argument that this was not a common enterprise because only two persons were involved, appellant and appellee. We have just recently held in Brown v. Rairigh (1978), Fla.App., 363 So.2d 590, that the common enterprise envisioned in an investment contract requires more than one investor, and some interaction between the investors or a showing that the success of the enterprise would be dependent upon obtaining a number of investors. As we view the evidence in this case there is an insufficient showing of any of the aforementioned criteria to warrant a finding that the arrangement here was an investment contract, or any other arrangement which would constitute a security controlled by Chapter 517, Florida Statutes (1975).
Accordingly the judgment appealed from is reversed and the cause remanded with directions to enter judgment for the appellants.
CROSS and DAUKSCH, JJ., concur.

*1158 ON PETITION FOR REHEARING
DOWNEY, Chief Judge.
After a non-jury trial the trial court entered judgment for plaintiff-appellee for the reason that the Deposit Receipt contract entered into between the parties constituted a security within the meaning of the Sale of Securities Act, Section 517.02, Florida Statutes (1973), and that said act was violated by defendant-appellant's failure to register said security. We reversed that holding by opinion filed November 8, 1978, and remanded the cause with directions to enter judgment for the defendant-appellant.
By petition for rehearing appellant has called our attention to the fact that the case was tried below on multiple issues, serveral of which could have resulted in a favorable judgment for appellant  however, the trial court ruled upon the one issue only. Thus, appellant suggests we should modify our opinion and remand the case for further consideration by the trial court of the other issues which were tried.
Our consideration of the pleadings, pre-trial statements and transcript of the trial proceedings indicate to us that appellant's suggestion has merit. Accordingly, the petition for rehearing is granted and our opinion filed November 8, 1978, is modified to provide that the cause is remanded to the trial court with directions to consider and rule upon the other issues tried by the parties.
CROSS and DAUKSCH, JJ., concur.