GRIMES, Judge.
This appeal involves the procedural propriety of a judgment on the pleadings.
The court dismissed plaintiff’s complaint and an amended complaint for failure to state a cause of action. When the plaintiff filed a second amended complaint, the defendant filed a motion to dismiss it and also moved to strike it as a sham pleading. However, the defendant never filed an answer to any of the complaints. At the hearing the court denied the motion to dismiss and deferred ruling on the motion to strike. Then, presumably relying upon some allegations contained in the original complaint which were not replead in the second amended compliant and also some documents filed in support of a motion to strike the first amended complaint as sham, the court granted the defendant’s oral motion for a judgment on the pleadings.
The judgment on the pleadings was procedurally improper because, contrary to Florida Rule of Civil Procedure 1.140(c), the court entered it before the pleadings were closed. This is so even though the judgment favored the defendant and the defendant needed only to file its answer in order to close the pleadings. J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So.2d 38 (Fla. 3d DCA 1978); Navarra v. Central National Insurance Co., 213 So.2d 612 (Fla. 1st DCA 1968). In any event, the documents relating to the motion to strike as sham could not provide a basis for a judgment on the pleadings. Moreover, the allegations of the initial complaint were irrelevant because they were superseded by subsequent complaints, and in denying the motion to dismiss the court concluded that the second amended complaint stated a cause of action. Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3d DCA 1961); Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958).
*185 We reverse the judgment and remand the case for further proceedings.
SCHEB, C. J., and RYDER, J., concur.