ANSTEAD, Judge,
concurring specially:
Appellants, three of twenty-one defendants accused of violations of the Florida Securities Act and the Mortgage Brokerage Act, challenge the state’s authority to prosecute them under the securities statute.
The purpose of the present Florida Securities Act, as with its predecessors, is to protect the public from fraudulent and deceptive practices. O’Neill v. State, 336 So.2d 699 (Fla. 4th DCA 1976); McElfresh v. State, 151 Fla. 140, 9 So.2d 277 (1942). Chapter 517 requires registration of securities. § 517.07, Fla.Stat. (1981). The only exemptions are for certain transactions where the buyers are adequately protected in other ways. See § 517.061, Fla.Stat. (1981). Registration will be denied or, once granted, revoked where the Department of Banking and Finance finds evidence of fraudulent representation or unfair business practices. § 517.111, Fla.Stat. (1981). Chapter 517 also requires the registration of those who deal in securities. § 517.12, Fla. Stat. (1981).
Appellee’s business consisted of selling mortgages in Florida real property in exchange for high-interest promissory notes. Appellants and their associates solicited private investments, minimum $5,000, for a common fund used to finance individual loans in return for notes and mortgages. The latter were executed in favor of a funding agent that assigned them to a corporate affiliate that reassigned its interest, in whole or in part, to the individual investors. Appellants and their associates selected the borrowers and administered the fund. For an additional fee, they also serviced the investors’ accounts.
In this case there can be no finding of subject matter jurisdiction without a determination that appellants were engaged in the sale of securities. Appellants were charged with violations of the statutory registration requirements, fraudulent business practices and false and misleading advertising. Appellants’ business involved the investment of money, by private individuals, in a common enterprise on the expectation of profits derived from the efforts of the promoters. In my view these activities fit within the classic definition of an investment contract enunciated in S.E.C. v. W.J. Howey, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. *660 1244 (1943) and subsequently adopted by this court in Brown v. Rairigh, 363 So.2d 590 (Fla. 4th DCA 1978) and Le Chateau Royal Corp. v. Pantaleo, 370 So.2d 1155 (Fla. 4th DCA 1978). Just as clearly, an investment contract is a security under section 517.021(15), Florida Statutes (1981). Hence, in my view, the business activities of appellants fall within the purview of chapter 517 and, since none of the statutory exemptions apply, appellants are subject to prosecution for violations of the act.