448 So.2d 1098 (1984)
Drs. M.N. FARAG and S.T. Iranpur, Jointly and Severally, Appellants,
v.
NATIONAL DATABANK SUBSCRIPTIONS, INC., Steven A. Robbins and Robert White, Appellees.
No. 83-519.
District Court of Appeal of Florida, Second District.
March 28, 1984.
Rehearing Denied April 23, 1984.
*1099 Douglas A. Lockwood, III, of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, for appellants.
Howard P. Ross of Battaglia, Ross, Hastings, Dicus and Andrews, St. Petersburg, for appellees Nat. Databank Subscriptions, Inc. and Steven A. Robbins.
Michael J. Keane of John T. Allen, Jr., P.A., St. Petersburg, for appellee Robert White.
*1100 SCHEB, Judge.
Plaintiffs challenge the trial court's entry of a final judgment on the pleadings in favor of the defendants. We reverse.
Plaintiffs, Drs. Farag and Iranpur, sought damages and other relief from defendants with whom they invested money in an alleged tax shelter investment. Plaintiffs alleged they were sought out by defendants in 1981 and induced to enter into a contractual arrangement. They claim that National Databank and its agents, Steven Robbins and Robert White, subsequently sold them microfiche from various corporate documents, which plaintiffs would then donate to certain charitable organizations for the purpose of claiming a charitable deduction on their 1981 income tax returns. Plaintiffs attached to their complaint a lengthy sales brochure describing this program in detail and charged the defendants with fraudulent misrepresentations, breach of express and implied warranties, overreaching, and breach of a fiduciary duty. Specifically, plaintiffs alleged that defendants sold them unregistered securities in violation of 15 U.S.C.A. § 77 l (West 1982) and the Florida Securities Act, Chapter 517, Florida Statutes (1981).
Defendants Databank and Robbins filed their answer, affirmative defenses, and counterclaim against plaintiffs. Plaintiffs responded to defendants' affirmative defenses and raised their own affirmative defenses in answering the counterclaim. Databank and Robbins filed a reply and a motion to strike the plaintiffs' affirmative defenses, and moved for judgment on the pleadings.
Defendant White followed a different procedural route. He moved to dismiss the complaint and, without filing an answer, filed his own motion for judgment on the pleadings.
The trial court heard all of the motions and subsequently entered a final judgment on the pleadings in favor of all defendants. This appeal ensued.
Plaintiffs forcefully argue that the court erred in entering judgment on the pleadings because of the existence of numerous disputed issues of fact.
For a proper evaluation of the plaintiffs' argument, we must turn to the general rules governing motions for judgment on the pleadings. A motion for judgment on the pleadings may be filed only after the pleadings are closed. Fla.R. Civ.P. 1.140(c). When considering the motion, all material allegations of the opposing party's pleadings are to be taken as true, and all those of the movants, which have been denied, are taken as false. The motion is to be decided wholly on the pleadings, without the aid of outside matters such as affidavits, depositions, or other showings of fact. Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983). The motion may be granted only if the moving party is clearly entitled to judgment as a matter of law. It follows therefore that it is improper for a trial court to enter judgment on the pleadings where factual questions remain. Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980).
Plaintiffs' complaint contains six counts. Count I focuses on whether the charitable contribution program they purchased was a security. The definition of "security" in section 517.021(15), Florida Statutes (1981), embraces a variety of instruments, including any "investment contract." The parties here agree that if the charitable contribution program is a "security" within the statutory definition, it is because it is an "investment contract." Although "investment contract" is not defined in the Florida Securities Act, the United States Supreme Court, by definition, has established a three-pronged test which must be met in order to prove the existence of an investment contract. SEC v. W.J. Howey Co., 328 U.S. 293, 299, 66 S.Ct. 1100, 1102, 90 L.Ed. 1244, 1249 (1946). First, there must be an investment of money; second, the investment must be in a common enterprise; and third, there must be an expectation of profits to be derived solely from the *1101 efforts of another. Id. Florida courts have adopted the Howey definition. See Adams v. State, 443 So.2d 1003 (Fla. 2d DCA 1983).
The plaintiffs have unquestionably made an investment of money. However, defendants contend that the second and third prongs of Howey have not been established. First, they submit that there was no common enterprise, because the sales brochure clearly indicated that there was no necessary interaction, joint participation, or dependency among the plaintiffs or any other investors. See Brown v. Rairigh, 363 So.2d 590 (Fla. 4th DCA 1978). However, we point out that the mere fact that an investor's return is independent of that of other investors in the scheme is not decisive. SEC v. Koscot Interplanetary, Inc., 497 F.2d 473 (5th Cir.1974). A common enterprise could be found, even though there is no joint participation or dependency among investors, if the success of the enterprise is determined to be dependent on the promoter obtaining a number of investors, so that in truth they are not independent of each other. Brown v. Rairigh.
Defendants also submit that the third element of Howey was not met. This test has been interpreted to require that "the efforts made by those other than the investor must be the significant ones in comparison to those made by the investor." Le Chateau Royal Corp. v. Pantaleo, 370 So.2d 1155, 1157 (Fla. 3d DCA 1979). Defendants argue that the sales brochure indicated that if any profit was to be realized, it would come solely from the efforts of the investor, and not the seller. However, we think that a precise characterization of this element cannot be accomplished without a thorough examination of the representations made by the defendants and the economic inducements held out to the prospective purchasers. See Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036 (10th Cir.1980).
As the court observed in Howey, a security is not always an easily recognized creature. Several considerations are necessary, such as what character the investment is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out by the sellers. It is not inappropriate that a promoter's offerings be judged as being what they were represented to be. SEC v. C.M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 (1943). While there is language in the sales brochure published by National Databank from which it could be inferred that what plaintiffs purchased was not a security, resolution of this issue was inappropriate without greater factual exploration. We agree with our sister courts that the question of whether a particular investment constitutes a security depends on the facts and circumstances of each individual case. Rudd v. State, 386 So.2d 1216 (Fla. 5th DCA 1980), petition for review denied, 392 So.2d 1380 (Fla. 1981); Levine v. I.R.E. Properties, Inc., 344 So.2d 938 (Fla. 3d DCA 1977). Since material questions of fact exist, the trial court erred in entering judgment on the pleadings.
Even if it were conclusively shown that this particular investment is not a security, we still would reverse the judgment on the pleadings, because the remaining five counts of the complaint raise a number of issues which involve questions of fact. These issues may not normally be disposed of by judgment on the pleadings without further factual determination. See generally Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956); Krieger v. Ocean Properties; Wittington Condominium Apartments, Inc. v. Braemar Corp., 313 So.2d 463 (Fla. 4th DCA 1975), cert. denied, 327 So.2d 31 (Fla. 1976); Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975).
For instance, in counts II and V, plaintiffs allege they were fraudulently induced to enter into the contractual arrangement and that the contract is unconscionable. Fraud, of course, is not ordinarily a suitable subject for summary judgment. Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981). It follows that where *1102 there are allegations of fraud, judgment on the pleadings seems even more inappropriate since no evidence is considered by the court in rendering its decision. In counts III and IV plaintiffs allege numerous express and implied warranties made by the defendants concerning tax deductions available to plaintiffs. These allegations were denied by defendants and, thus, factual questions concerning representations made by defendants as to such warranties remain unresolved. Count VI also raises questions of fact concerning whether White breached a fiduciary duty owed to the plaintiffs.
In view of our decision, the remaining issues posed by the plaintiffs are moot. However, as noted above, rule 1.140(c) contemplates that a party may move for a judgment on the pleadings only after the pleadings are closed. Therefore, it seems appropriate to point out that since White had not filed an answer and his motion to dismiss had not been ruled on, the judgment on the pleadings in his favor was procedurally improper. This is so, even though the judgment favored White and he needed only to file his answer in order to close the pleadings. Metropolitan Bank & Trust Co. v. Vanguard Insurance Company, 400 So.2d 184 (Fla. 2d DCA 1981); Navarra v. Central National Insurance Co., 213 So.2d 612 (Fla. 1st DCA 1968).
Reversed and remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and LEHAN, J., concur.