558 So.2d 1076 (1990)
Otho S. NEWSOM, Jr., Appellant,
v.
DEAN WITTER REYNOLDS, INC., Appellee.
No. 89-01424.
District Court of Appeal of Florida, First District.
March 16, 1990.
Rehearing Denied April 18, 1990.
*1077 Charles P. Pillans, III, of Bedell, Dittmar, DeVault & Pillans, P.A., Jacksonville, for appellant.
Nicholas V. Pulignano, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal of an order awarding attorney fees pursuant to a jury verdict finding violations of Florida's Blue Sky Act but awarding no damages due to appellee's successful presentation of its affirmative defenses. For the following reasons, we reverse.
Appellant is a retired person who invested more than $320,000 into a retirement investment account with appellee. Appellee managed the money for more than two years and managed to lose more than $38,000 during that time. Appellant closed the account and sued for damages under a variety of statutory and common-law theories, including fraud, negligence, breach of fiduciary duty, and violation of Chapter 517, the Florida Blue Sky Act.
A jury eventually disposed of the cause, finding by special verdict that appellee was guilty of negligence and had violated Section 517.301(1), Florida Statutes. Regarding the statutory count, the jury was instructed that both "churning" (excessive trading on the account) and lack of suitability of the trades to appellant's investment objectives, would be a violation. Because the jury also found that appellant had not brought suit within the time required by the statute of limitations, and further found that appellant had ratified the transactions by failing to timely protest, appellee nevertheless escaped liability.
Appellee argues that because there is no way to tell which violation the jury found, this court cannot assume that the jury found it guilty of churning the account and, therefore, of fraud.[1] This argument must be rejected because it assumes that making trades unsuitable to appellant's investment objectives was a mere technical violation. The statute's very title, however, denominates all covered, prohibited acts as "fraudulent transactions." Contrary to appellee's argument, an unsuitable trading violation of Section 517.301(1), Florida Statutes, is not merely technical. Just like churning, it is statutory fraud.
Because appellee successfully escaped liability on all counts, however, it was the prevailing party in the suit. Section 517.211(6), Florida Statutes, provides that "[i]n any action brought under this section, including an appeal, the court shall award reasonable attorney's fees to the prevailing party unless the court finds the award of such fees would be unjust." After a hearing below, the trial court ordered appellant to pay the $43,053.50 in attorney fees that appellee incurred in its defense. Appellant argued below, and continues to maintain on appeal, that this award was unjust under the circumstances.
There is little Florida authority construing what the word "unjust" means within the context of this statute, and none of it is helpful sub judice. However, certain factors indicate that this is a situation where a fee award would be obviously unjust. The record reflects that appellant is an elderly gentleman, inexperienced in the stock market. The statute was designed to prevent the very type of loss he sustained. Due to the unique nature of the securities business, persons who are unfamiliar with the market must rely on businesses such as appellee in order to invest. At all times *1078 throughout the transactions, appellee had vastly superior knowledge and control of the situation. The public policy behind the statute was designed to prevent organizations in appellee's posture from taking advantage of this uniquely superior position. See Merrill Lynch, Pierce, Fenner & Smith v. Byrne, 320 So.2d 436 (Fla. 3d DCA 1975); O'Neill v. State, 336 So.2d 699 (Fla. 4th DCA 1976).
The State does not reimburse civil losses occasioned by Chapter 517 violations. It remains to private investors to bring actions for damages to enforce their rights under the Act. Appellee benefited financially from improper account trading by receiving a commission for each trade. Although it was able to escape liability by virtue of its legal defenses, appellee nonetheless committed statutory fraud, and it would be unjust under the circumstances to require appellant to pay for its technical escape.
We do not hold by this decision that in any case where a stockbroker successfully defends a Chapter 517 claim, an attorney fee should be denied. In the instant case, however, a fee award would be manifestly unjust. We reverse and remand with instructions to enter an order denying appellee any statutory attorney fees.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] "Churning" has been described as "a particularly vicious and fraudulent course of conduct," In re Behel, Johnsen & Company, 26 SEC 163 (1947), "deserving of the severest condemnation. Its very nature brands it as one of the most injurious types of fraud possible. Its perpetrators prey on unwary and inexperienced investors," Lorenz v. Watson, 258 F. Supp. 724 (E.D. Penn. 1966).