PER CURIAM.
The plaintiffs below, Richard B. Ivans and Richard B. Ivans, Trustee, appeal from an *799 order that, in part, awarded attorneys’ fees to McKid Limited [McKid] and J. Arthur Goldberg [Goldberg].[1] McKid and William P. McComas [MeComas] cross-appeal from portions of the same order. We affirm in part, reverse in part and remand for further proceedings.
The plaintiffs filed a multiple count complaint against various defendants including McKid, McComas, Fred Lickstein [Lick-stein], and Goldberg Semet Lickstein & Mor-genstern, P.A. [GSL & M], Count II alleged that McKid, MeComas, Lickstein, and GSL & M fraudulently induced the plaintiffs to purchase securities in violation of Section 517.-312, Florida Statutes (1993). Count II sought rescission, compensatory damages, interest, and attorneys’ fees pursuant to Section 517.211, Florida Statutes (1993).
The jury found that both defendants Lick-stein and GSL & M had “directly or through their agents” participated in a fraudulent scheme. The jury, however, found that defendant McKid had not “directly or through [its] agents” participated in a fraudulent scheme. The final judgment provided, in part, that “the contract between the Plaintiffs RICHARD B. IVANS and RICHARD B. IVANS, Trustee, and McKid Limited is hereby rescinded.” The trial court also awarded damages to the plaintiffs in the amount of the purchase price of the securities from defendants Lickstein and GSL & M.
Pursuant to Section 517.211(6), Florida Statutes (1993), the trial court awarded the plaintiffs attorneys’ fees against Lickstein and GSL & M as the prevailing party on Count II. Further, the trial court awarded McKid attorneys’ fees against the plaintiffs as the prevailing party on Counts I and II. The trial court further found that the award of these attorneys’ fees would not be unjust under the circumstances of the case. The plaintiffs appeal from the award of attorneys’ fees to McKid. We affirm.
The plaintiffs argue that the trial court abused its discretion in awarding McKid attorneys’ fees against the plaintiffs on Count II. We disagree.
The plaintiffs argue that they, not McKid, were the prevailing party on Count II since they obtained the relief sought-rescission of the contract. In the instant case, Count II named numerous defendants including McKid, Lickstein, and GSL & M. The jury found that defendants Lickstein and GSL & M fraudulently induced the plaintiffs to purchase the securities. The jury, however, specifically found that McKid did not participate in a fraudulent scheme. As a result of the fraud committed by Lickstein and GSL & M, the trial court rescinded the contract. Just because the plaintiffs obtained the relief sought does not necessarily mean that they prevailed against all defendants. As the trial court correctly found, on Count II, the plaintiffs prevailed against defendants Lickstein and GSL & M, but did not prevail against defendant McKid. See Captan v. 1616 East Sunrise Motors, Inc., 522 So.2d 920, 921 (Fla. 3d DCA 1988) (“no amount of success against one defendant — even if sufficient to fully compensate the plaintiff — can be considered success against a different defendant. Thus, a deféndant who prevails against a plaintiff may properly view as irrelevant that the plaintiff prevailed against another defendant in the same action.”).
Next, the plaintiffs contend that even if defendant McKid was the prevailing party on Count II, the trial court still abused its discretion in awarding attorneys’ fees where the award of such fees would be unjust. We disagree.
Section 517.211(6), Florida Statutes (1993), provides as follows: “In any action brought under this section, including an appeal, the court shall award reasonable attorneys’ fees to the prevailing party unless the court finds that the award of such fees would be unjust.” In the instant case, the jury found that neither McKid nor his agents engaged in a fraudulent scheme. Therefore, we cannot find that the trial court abused its *800 discretion in finding that “the award of such reasonable fees would not be unjust under the circumstances of this case.” See Newsom v. Dean Witter Reynolds, Inc., 558 So.2d 1076 (Fla. 1st DCA 1990).
Defendants McComas and McKid raise two points on cross-appeal. First we affirm the denial attorneys’ fees under the civil fraud count based on the authority of Patria Publications, Inc. v. Armesto, 593 So.2d 574 (Fla. 3d DCA 1992). Further, we reverse the denial of attorneys’ fees under the RICO count based on the authority of Ziccardi v. Strother, 570 So.2d 1319 (Fla. 2d DCA 1990), and remand for further proceedings to determine whether the plaintiffs’ RICO count raised “a claim which was without substantial fact or legal support.” § 772.104, Fla.Stat. (1993).
Affirmed in part, reversed in part and remanded for further proceedings.

. The trial court awarded attorneys’ fees to Goldberg on Counts I and II as the prevailing party. Since Goldberg was not named as a defendant in either Counts I or II, Goldberg cannot be a prevailing party. Therefore, the award of attorneys’ fees to Goldberg on Counts I and II is reversed.