PATTERSON, Judge.
The appellants, Greater Ministries International, Inc. (Greater Ministries), Gerald R. Payne and Betty L. Payne, challenge the trial court’s temporary injunction which prohibits them from obtaining contributions to their organization on the basis that the “pledge agreement” constitutes an unregistered security. We affirm the injunction as to the “Double Your Money” and the “Double Your Blessings” programs and we reverse as to the “Faith Promises” program.
Greater Ministries is a nonprofit corporation organized for religious and educational purposes under chapter 617, Florida Statutes. Gerald and Betty Payne are ordained ministers of Greater Ministries. In the past, Greater Ministries solicited contributions under two programs known as “Double Your Money” and “Double Your Blessings.” These programs were essentially identical and promised that contributors would receive back double the amount of their contributions in scheduled payments. The pledge agreement contained the following schedule at the bottom of the page:
[[Image here]]
*329 [[Image here]]
Appellee Department of Banking and Finance issued an emergency cease and desist order predicated on a conclusion of law that the “Double Your Money” program certificates were unregistered securities and that the individual respondents (the Paynes and others) were not registered securities dealers. The appellants do not challenge the cease and desist order in these proceedings as it applies to the “Double Your Money” program. Further, Greater Ministries voluntarily discontinued the “Double Your Blessings” program prior to the entry of the order on appeal. These programs were replaced by the “Faith Promises” program.
In developing the “Faith Promises” program, the pledge agreement was revised to delete the schedule of repayments and is replete with disclaimers that the pledge is a gift for which the donor expects nothing in return other than what God might bestow upon him as promised in the scriptures of the New Testament. In this respect, the pledge agreement contains the following:
I accept the teachings of Jesus Christ in Luke 6:38 and believe that God will prosper His Church and I am acting in faith that I will receive in the manner and spirit I am giving.
Luke 6:38 (King James) states, “Give, and it shall be given unto you; good measure, pressed down, and shaken together, and running over, shall men give into your bosom. For with the same measure that ye mete [give] withal it shall be measured to you again.”
The appellee brought this action to enforce the cease and desist order in regard to the “Faith Promises” program. The appellants argue that the cease and desist order did not specifically mention, and therefore does not apply to, the “Faith Promises” program. Although not recited in the order under appeal, the transcript reflects that the trial court orally pronounced that the Double Your Money or Double Your Blessings or Faith Promises are functionally indistinguishable.” The injunction, therefore, is directed to all three of the programs.
The appellants have raised a number of constitutional arguments relating to the relationship between church and state. However, we do not reach these issues because this case turns on the issue of whether the “Faith Promises” pledge agreement constitutes a “security” under Florida law.
The sale of securities in Florida is regulated by chapter 517, Florida Statutes (securities transactions). No security, unless exempt, may be sold unless it is registered pursuant to the terms of this chapter. §§ 517.07; 517.081, Fla. Stat. (1995). No person may sell securities unless registered with the Department of Banking and Finance. § 517.12, Fla. Stat. (1995). Securities are defined in section 517.021(17), Florida Statutes (1995). It is undisputed that the pledge agreements are not registered and that the Paynes are not registered dealers. Although the pledge agreements at issue are not specifically identified as securities in section 517.021(17), Florida Statutes (1995), they could be considered to be “an evidence of indebtedness” under section 517.021(17)(f); “an investment contract” under section 517.021(17)(g); or “Any other instrument commonly known as a security, including an interim or temporary bond, debenture, note, or certificate” under section 517.021(17)(u). Clearly, the pledge agreements of the “Double Your Money” and “Double Your Blessings” programs fall within one of these categories and are not registered. To the extent that the sale of these securities is enjoined, the trial court’s order is affirmed.
To determine the character of the “Faith Promises” agreement, it is necessary to look *330 beyond chapter 517 to a broader definition of a security as found in case law. The most widely-accepted definition of a security is found in Securities & Exchange Comm’n v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). There, the court set forth the following factors to determine whether an investment is a security: (1) an investment of money, (2) in a common enterprise, and (3) an expectation of profits to be derived solely from the efforts of another. 328 U.S. at 298-99, 66 S.Ct. at 1103. This court has adopted the Howey criteria. See Farag v. National Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984); Adams v. State, 443 So.2d 1003 (Fla. 2d DCA 1983), review denied, 449 So.2d 265 (Fla. 1984). In applying these criteria to the “Faith Promises” pledge agreement, we determine that it is not a security.[1] The offending schedule of repayment found in the preceding two programs has been deleted. In this document, Greater Ministries makes no promise, express or implied, that it will make any payment to the donor. The “Faith Promises” agreement shifts any supposed “expectation of profits” from Greater Ministries to a supreme deity. We, therefore, reverse the temporary injunction as it applies to the “Faith Promises” pledge agreement and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.

. The manner in which the “Faith Promises” program is promoted may nonetheless be subject to scrutiny pursuant to the Deceptive Unfair Trade Practices Act, section 501.203(1), Florida Statutes (1995). See State, Dep't of Legal Affairs v. Jackson, 576 So.2d 864 (Fla. 3d DCA 1991).