266 So.2d 89 (1972)
Dennis F. WHETZEL, Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation Doing Business in the State of Florida, Appellee.
No. 71-156.
District Court of Appeal of Florida, Fourth District.
August 11, 1972.
Rehearing Denied September 22, 1972.
*90 Robert D. Hurth and Donald R. Hall, of law offices of Robert D. Hurth, Fort Lauderdale, for appellant.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee.
SILVERTOOTH, LYNN N., Associate Judge.
This is an appeal from an order of the trial court setting aside a jury verdict and entering a final judgment in accordance with the defendant's motion for a directed verdict. We have heard oral argument of the parties.
On May 28, 1970 appellant filed an amended complaint against Joseph I. Stafford, individually, and as agent of Metropolitan Life Insurance Company. The suit sought damages for injuries sustained as a result of a collision allegedly caused by Stafford's negligence in operating a motor vehicle so that it collided with appellant's motorcycle. The amended complaint alleged that at the time in question Stafford was the agent, employee or servant of Metropolitan Life Insurance Company acting within the scope of his employment.
On July 17, 1970 appellee, Metropolitan Life Insurance Company filed an amended answer, setting forth various defenses, the only one being material here is that Joseph I. Stafford was not in the course and scope of his employment at the time of the alleged accident, but was engaged in a folly of his own in no way related to the business or activities of Metropolitan Life Insurance Company, appellee.
This cause came on for jury trial. On the morning of trial, Stafford settled with appellants and trial proceeded against appellee alone.
Appellee moved for a directed verdict at the close of appellant's case and at the close of the case the trial judge reserved ruling upon the motion and allowed the case to be submitted to jury. The jury returned a verdict in favor of appellants in the amount of $15,000.00.
Appellee then on December 9, 1970 filed a motion for judgment in accordance with motion for directed verdict. The trial judge granted this motion and entered final judgment. This appeal is from said order.
The first question is whether the evidence was sufficient to support the jury finding that acts of corporate employee were committed in the course and scope of his employment. The second question is whether the trial court erred in setting aside the jury verdict and directing a verdict in favor of appellee.
An examination of the facts in this case disclose that Stafford was employed by the appellee in the State of Louisiana; that he, Stafford, won a three-day trip to Miami, Florida, for selling a certain amount of life insurance in a given period of time. The appellee made arrangements for the rooms and provided meals, if the agent ate at the hotel; however, if he ate elsewhere, the agent paid for his meals.
Stafford was notified he had won the trip, told where he would be staying and when to check in. He did not have to accept the trip but, if he did, he would receive $190.00 to $250.00 cash which could be used to pay for costs of transportation to Miami.
There was a company cocktail party Sunday evening at the hotel in Miami, the first formal meeting being Monday morning *91 at 9:00 A.M., at which time winners were to be recognized. Stafford felt obligated to attend but he was not compelled to do so.
After the cocktail party, Stafford, Fulks and Corley, (all agents of appellee) having become acquainted, started out on the town. Stafford was driving his own car. They drove around town, stopping in four or five bars to drink in each of them. The accident in question occurred at 3:30 A.M. while they were riding around looking for another club.
Both Stafford and Fulks testified they were out having fun, that they were sightseeing, driving around and stopped at four or five bars.
Fulks said, "We went out on a fun trip."
They said they were not on a business trip for Metropolitan Life Insurance Company that evening.
Stafford stated he was not licensed to sell insurance in Florida.
There is no conflict in the evidence in this case.
Appellants argue that Stafford would be in the scope of his employment from the time he left Louisiana until his return, and that he does not deviate from said employment at any time even though he may be doing some act solely for his own personal benefit.
The law that an employer is responsible for the wrongful acts of his servant while the servant is acting within the scope of his employment is clear. Stinson v. Prevatt, 1922, 84 Fla. 416, 94 So. 656; Weiss v. Jacobson, Fla. 1953, 62 So.2d 904.
The law also appears clear that an agent going to or returning from a business meeting or convention where there is no clear-cut deviation is within the scope of his employment. Southern Life and Health Insurance Co. v. Smith, Fla.App. 1969, 218 So.2d 784.
The conduct of a servant is within the "scope of his employment" only if it is of the kind he is employed to perform, it occurs substantially within authorized time and space limits and it is activated at least in part by a purpose to serve the master. Brazier v. Betts, 1941, 8 Wash.2d 549, 113 P.2d 34.
The court has the right to direct a verdict where the evidence is not in conflict and facts establish a marked departure from master's business. Blackman v. Atlantic City & Shore R. Co., 1941, 126 N.J.L. 458, 19 A.2d 807.
The question as to whether or not the servant in a particular instance was acting within the scope of his employment is a question of law for the court if there is no conflict in the facts. Lovett Motor Co. v. Walley, 1953, 217 Miss. 384, 64 So.2d 370.
A case similar to the present case holds that acts of an employee at meetings set up by employer, where the employer paid all the expenses and the employee was injured while swimming in the hotel pool during the evening, was not an act within the scope of his employment. Perry v. American Bakeries Co., 1964, 262 N.C. 272, 136 S.E.2d 643.
It would be asking a lot of any court to infer that these three men, out "on the town" going from bar to bar at 3:30 A.M. in Miami, Florida, were acting in the furtherance of the business and for the benefit of the appellee.
Having examined the issues raised and the facts of the case, we believe the trial judge arrived at a correct decision.
As to question one, the evidence was not sufficient to support a jury finding that the acts of a corporate employee were committed in the course and scope of employment.
As to question two, the trial judge did not err in directing a verdict in favor of *92 the defendants for the facts were not in conflict and when there is no conflict the question as to whether or not the servant in the particular instance was acting within the scope of his authority is a question of law for the courts.
The judgment appealed from should be, and hereby is, affirmed.
It is so ordered.
REED, C.J., and OWEN, J., concur.