429 So.2d 744 (1983)
Daniel JOHNSON, Appellant,
v.
GULF LIFE INSURANCE COMPANY, Appellee.
No. 82-326.
District Court of Appeal of Florida, Third District.
March 29, 1983.
Rehearing Denied April 29, 1983.
*745 Anderson & Moss, Daniels & Hicks and Elizabeth K. Clarke, Patrice Talisman, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
Appellant Daniel Johnson is contesting the entry of final summary judgment entered in favor of Gulf Life Insurance Co. in a suit arising out of an automobile accident involving appellee's employee and the appellant. For reasons more fully developed below, we affirm the trial court's decision.
Appellant was riding his bicycle well off the side of South Dixie Highway when the automobile driven by Frank Tepedino, appellee's employee, left the roadway at a high rate of speed in order to pass a slower moving car. Tepedino struck appellant and the resulting injuries forced the amputation of one of appellant's legs. Appellant filed suit against Tepedino, the company which lent Tepedino the car he was driving at the time of the accident, and Tepedino's insurance company. An amended complaint later added Gulf Life Insurance Co. The amended complaint alleged that since Tepedino was an insurance agent who had made a business call on a customer that evening, Gulf Life was vicariously liable for the injuries caused by the acts of its employee. After extensive discovery, appellee filed two motions for summary judgment: one on the claim for punitive damages against it, and a later motion for final judgment on liability. The trial court heard oral argument on the two motions by the respective parties and received numerous memoranda of law and replies thereto from both sides. The trial judge then ruled in favor of Gulf Life on both the claim for punitive damages and the final judgment on liability. He specifically ruled that Gulf Life's employee was not acting within the scope of his employment at the time of the accident. This appeal concerns only the second issue; that is, whether the trial court erred in entering final summary judgment on liability for appellee after a determination that Gulf Life's employee had ceased to act within the scope of his employment when the accident occurred.
Rule 1.510(c), Florida Rules of Civil Procedure, allows a summary judgment to be entered whenever the pleadings, plus affidavits, depositions or other factual *746 showings, reveal that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Horton v. Gulf Power Co., 401 So.2d 1384 (Fla. 1st DCA), rev. den., 411 So.2d 382 (Fla. 1981). The movant must show conclusively the absence of any genuine issue of material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Once the movant tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. Landers v. Milton, 370 So.2d 368 (Fla. 1979). It is not sufficient for the opposing party merely to assert that an issue does exist, Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965), or to raise paper issues, Colon v. Lara, 389 So.2d 1070 (Fla. 3d DCA 1980). When the material facts are undisputed, they form a question of law which the trial court is empowered to decide on a motion for summary judgment. Richmond v. Florida Power & Light Co., 58 So.2d 687 (Fla. 1952); Traveler's Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981); Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977).
The question as to whether or not the employee is acting within the scope of his employment in a particular instance is a question of law for the court if there is no conflict in the facts. Whetzel v. Metropolitan Life Insurance Co., 266 So.2d 89 (Fla. 4th DCA 1972). The undisputed facts in the instant case are as follows: The driver of the car which struck appellant is an insurance agent employed by appellee since 1978. As a condition of his employment, Tepedino had to provide his own car, plus the gas and maintenance on it. On the night of the accident, Tepedino left his home between 8:00 and 9:00 p.m. in a borrowed car to go to the Big Daddy's Lounge in Homestead. He went there to speak with the manager, who had previously purchased an insurance policy from Tepedino, about an insurance policy for the manager's son, as well as to socialize. After speaking with the manager Tepedino intended to go home, but instead he met three friends who asked him to give them a ride to Dino's, another lounge further north on South Dixie Highway. The accident occurred at 12:47 a.m. as Tepedino was taking his friends to Dino's Lounge. Tepedino stated in one of his depositions that he had never discussed insurance with any of the three friends he had met at Big Daddy's. He also stated that he didn't intend to go into Dino's; he was going to drop off his friends and then go home.
It is well settled that an employee is not acting within the scope of his employment if it can be found that the employee had "stepped away" from or abandoned the employer's business at the time the tort was committed. City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965); Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980); Martin v. United Security Services, Inc., 373 So.2d 720 (Fla. 1st DCA 1979).
Appellant points to numerous training documents, provided by appellee to its employees, in which the employees are strongly urged to be continually on the alert for names of people, since names are a source of potential prospects. We have read the documents in question and have reached the conclusion that the appellee did not intend for its exhortations to subject it to potential vicarious liability for every trip to the grocery store made by its employees. There is a difference between listening for names, which may benefit the employer at some future time, and actually doing the employer's business.
Appellant refers our attention to Zipperer v. Peninsular Life Insurance Co., 235 So.2d 473 (Fla. 1970), in which the Florida Supreme Court found that two insurance agents were acting within the scope of their employment when they were killed in an automobile accident while calling on customers in the evening. There are three distinguishing differences between Zipperer and the case sub judice. In Zipperer, the fatal accident occurred approximately one hour after the agents made their last business call, the direction the car was heading at the time of the accident indicated that *747 the agents were returning home after calling on clients who lived further north, and finally, the case arose under the workers' compensation statute. There are different policy considerations with workers' compensation cases which are not present in this case.
We find the facts in Morgan v. Collier County Motors, Inc., 193 So.2d 35 (Fla. 2d DCA 1966) more closely approximate the facts of the case at hand. In Morgan, Graham, a car salesman, caused a fatal accident while leaving a marina where he had called upon a prospective customer. He was going to a bowling alley, where it wasn't clear what he intended to do. Like the insurance agent here, the car salesman in Morgan stated that most of his sales came from contacts outside of the office and that he always kept an eye open for prospective customers. The court found that
If the trip to Tanner's marina was within the scope of defendant's business, that business ended when Graham started for the bowling alley. The proposed bowling alley excursion was a social deviation which could hardly be considered within the scope of Graham's employment.
Id. at 39.
In the instant case, Tepedino left Big Daddy's to take three friends to Dino's Lounge. He had never spoken to these three people about insurance; he was not intending to speak to anyone at Dino's about insurance. There is an unaccounted for three hour period between the time Tepedino estimates he left Big Daddy's and the time of the accident. His business conversation with the manager at Big Daddy's was exceedingly brief, he did not call on any other clients or prospects, nor did he mention to anyone that he intended to make any other business calls. Tepedino was driving in an opposite direction from his home when the accident occurred. Given these facts, the trial court properly concluded that Tepedino had stepped away from his employer's business and was involved in a purely social activity at the time of the accident. We find no error in the trial court's entry of final summary judgment in favor of appellee.
Affirmed.