450 So.2d 540 (1984)
BURROUGHS CORPORATION and Employers Insurance of Wausau, Appellants,
v.
AMERICAN DRUGGISTS' INSURANCE COMPANY, Iowa National Mutual Insurance Company, Hartford Accident & Indemnity Company, State Farm Mutual Automobile Insurance Company, Auto-Owners Insurance Company and Marjorie L. Jackson, Appellees.
BURROUGHS CORPORATION, Employers Insurance of Wausau and Marjorie L. Jackson, Appellants,
v.
AMERICAN DRUGGISTS' INSURANCE COMPANY, Iowa National Mutual Insurance Company, Hartford Accident & Indemnity Company, State Farm Mutual Automobile Insurance Company and Auto-Owners Insurance Company, Appellees.
BURROUGHS CORPORATION and Employers Insurance of Wausau, Appellants,
v.
AMERICAN DRUGGISTS' INSURANCE COMPANY, Iowa National Mutual Insurance Company, Hartford Accident & Indemnity Company, State Farm Mutual Automobile Insurance Company, Auto-Owners Insurance Company and Marjorie L. Jackson, Appellees.
Nos. 83-309, 83-310, 83-1227.
District Court of Appeal of Florida, Second District.
April 11, 1984.
Rehearing Denied May 29, 1984.
*542 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants Burroughs and Employers.
Bart A. Riley of Law Offices of Riley & Proly, Port Richey, for appellant Marjorie L. Jackson.
Charles W. Pittman of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee American Druggists.
Maureen Emmet-Miller and Larry D. Goldstein of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellee Iowa National.
William E. Hennen of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, P.A., Tampa, for appellee Hartford.
Richard E. Wolverton of Lyle & Skipper, P.A., St. Petersburg, for appellee Auto-Owners.
No appearance by State Farm.
No appearance by Patricia Elaine Paulette.
RYDER, Judge.
The principal arguments presented in this appeal revolve around the issue of whether Patricia Elaine Paulette was within the scope of her employment with appellant Burroughs Corporation at the time of Paulette's automobile accident with the decedent, Bradley Jackson. In case no. 83-309, the trial court granted a partial summary judgment in favor of Marjorie Jackson, personal representative of the estate of Bradley Jackson, holding as a matter of law that Paulette was acting within the scope and course of her employment with Burroughs, and a respondeat superior relationship existed between Burroughs and Paulette at the time of the accident. The partial summary judgment did not resolve with particularity the issue of liability in favor of a party seeking affirmative relief.
In case no. 83-310, the trial court granted a final summary judgment to various uninsured motorist (UM) carriers finding that the carriers were not liable for UM benefits pursuant to coverage on Paulette as Paulette was within the scope of her employment with Burroughs.
The appeal in case no. 83-1227 arises from an order of the trial court granting a partial summary judgment on the issue of liability in favor of Jackson and against Burroughs and Employers Insurance of Wausau. All issues of liability concerning Burroughs and Employers Insurance were resolved by this order. The order referred to the earlier summary judgment on the issue of respondeat superior (the order appealed from in no. 83-309).
Initially, we hold that the order appealed from in case no. 83-309 was technically nonappealable under Florida Rule of Appellate Procedure 9.130. On that basis, we dismiss appeal no. 83-309. All parties will note, however, that case no. 83-1227 is properly before this court as an interlocutory appeal of the partial summary judgment in favor of Jackson, and brings before this court issues which might have been raised in no. 83-309. Fla.R.App.P. 9.130(a)(3)(C)(iv). The UM insurance companies had filed a motion to dismiss no. 83-1227. This court has denied that motion and will not reconsider it a second time despite the appellee insurance company's insistence that we do so. We will note that cross-claims, findings of the trial court, and actions by the parties indicate to us the propriety of the appeal in that case. Additionally, case no. 83-310 is properly before this court as an appeal from a final summary judgment. Fla.R.App.P. 9.110(a); Fla.R. App.P. 9.030(b)(1)(A).
Focusing on the issues now before this court, we hold that the partial summary judgment in no. 83-1227 and the final summary judgment in no. 83-310 were erroneously granted by the trial court. The issue of scope of employment, under the circumstances involved herein, is an issue best *543 left to the trier of fact; the issue was not ripe for summary judgment.
At all relevant times, Paulette was employed by Burroughs as a "field engineer." Specifically, she would examine and repair the computer equipment of Burroughs' customers. Paulette used her own automobile while in the field, and carried equipment, parts and tools in the vehicle. She would receive compensation for mileage and travel time, as well as an automobile allowance.
Burroughs had established procedures concerning travel time for its employees. The employees had "check points" with which to establish their travel time. A "check point" is a reference point, not a required stop for the employee. Paulette's check point was located in Tampa, as was her "home base" and home.
Burroughs had a rule which prohibited the use of intoxicants by employees during work hours. Paulette was aware of this rule.
There was testimony indicating that an employee should obtain prior approval from a supervisor before working overtime. Without such approval, travel time was supposed to occur during the work hours of 8:00 a.m. to 5:00 p.m. Paulette stated, however, that if an employee could finish a job within a short period after normal working hours, the employee could do so without getting special approval for overtime. Otherwise, the employee was to return home and complete the assignment on the following workday. Paulette had obtained prior overtime approval for about one-half of the occasions on which she applied for overtime compensation. One supervisor stated in deposition that if an employee finishes field work at 5:30 p.m., then stops and eats dinner before returning to Tampa, and thereafter returns to Tampa, the employee would not be on company time during dinner but would be on company time for purposes of pay and expenses during the period spent in driving to Tampa. We note that for the day of the accident, Paulette was paid for an eight-hour workday, her automobile allowance, and mileage from Brooksville to Tampa. A supervisor completed Paulette's time sheet for the day in question.
On January 28, 1981, Paulette had worked in Tampa and Dade City. In the afternoon of that day, she went to Brooksville to perform a service call for one of Burroughs' customers. The job was finished at approximately 5:00 p.m. Shortly thereafter, Paulette met a co-worker at a Brooksville lounge where she remained until approximately 9:20 p.m.
While in the lounge, Paulette consumed four or five beers. It was indicated, however, that she could not recall with certainty how many beers she had drunk.
After leaving the lounge, Paulette drove her automobile towards Tampa and home. Around 10:00 p.m., Paulette's vehicle was involved in a collision with the vehicle in which Bradley Jackson was a passenger. Jackson died from injuries suffered during the collision.
There is an indication in the record that Paulette was legally intoxicated when a blood alcohol level test was performed after the accident. Paulette was charged with vehicular homicide and manslaughter, pleaded nolo contendere, and was placed on ten years probation.
A civil suit was instituted by Marjorie Jackson against various parties. The trial court ultimately held that there was no genuine issue as to any material fact, and that Paulette was acting within the course and scope of her employment for Burroughs Corporation at the time of the accident. The court concluded the liability aspect of this case by holding Burroughs liable, under the theory of respondeat superior, to the plaintiff below and holding the various insurance companies (not including Employers Insurance of Wausau) not legally liable for the payment of UM benefits. It is from these orders that the present appeals come before this court.
A summary judgment may be entered when it is shown that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. *544 1.510(c). The movant has the burden to establish that there remains no genuine issue concerning a material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). If there is even the slightest doubt as to the existence or nonexistence of a genuine issue of material fact, that doubt must be resolved against the movant. Booth v. Mary Carter Paint Co., 182 So.2d 292, 297 (Fla. 2d DCA 1966).
It is especially important to note the well-settled principle that on a motion for summary judgment, the trial court may not try or weigh facts. Jones v. Stoutenburgh, 91 So.2d 299, 302 (Fla. 1956); Booth, supra. Furthermore, where conflicting inferences may reasonably be adduced from the evidence, even where the evidence itself is not in conflict, the motion for summary judgment should be denied. Booth, 182 So.2d at 297.
Concerning scope of employment, only where the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion can it be said that the issue is one which may be decided by the court as a matter of law. Where there are varying inferences to be made and conclusions to be drawn, the matter is one which should be submitted to a jury. Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983); Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980); Tuberville v. Concrete Construction Co., 270 So.2d 431 (Fla. 1st DCA 1972); Whetzel v. Metropolitan Life Insurance Co., 266 So.2d 89 (Fla. 4th DCA 1972); Columbia By The Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963).
Relevant facts and inferences concerning scope of employment may deal with the type of work for which the employee is employed; whether the specific action is performed substantially within the time and space limits of the employment; whether the action was, to some degree, activated by a purpose to serve the master; did the employee step aside from his employment to perform an act which the employer did not authorize or expect the employee to perform; was there a slight deviation or departure from the employment; did the employee altogether abandon the employer's business; was there a departure or clear cut deviation from the employer's business to perform a nonessential, purely personal errand; was there a return to the employer's business after the deviation and before the act at issue was committed; and could the employer have expected or foreseen the employee's conduct. Gonpere Corp., supra; Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Galahad Associates v. Rose, 392 So.2d 44 (Fla. 4th DCA 1980); Lay, supra; Morrison Motor Co. v. Manheim Services Corp., 346 So.2d 102 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 983 (Fla. 1978); Whetzel, supra; Columbia By The Sea, supra; Thurston v. Morrison, 141 So.2d 291 (Fla. 2d DCA 1962); N & L Auto Parts Co. v. Doman, 111 So.2d 270 (Fla. 1st DCA 1959).
We do not intend the above enunciated factual or inferential questions to be an all inclusive list. Other facts or inferences may be relevant to a particular case, and it may be crucial to determining whether the case should be submitted to the trier of fact. It is our holding that summary judgment was not appropriate under the circumstances involved in this case. At the very least, the facts involved were not completely without dispute, and varying inferences could reasonably be drawn from the facts presented. Several issues, including foreseeability of Paulette's conduct, deviation or abandonment of Burroughs' business, return from the deviation, overtime rules, and the inferences to be drawn after factual resolution of these issues are matters which could not properly be determined on the motions for summary judgment presented to the lower tribunal.
As the burden on the motions for summary judgment was not met, and as summary judgment is not a substitute for trial, we reverse the orders below and remand for further proceedings.
REVERSED and REMANDED.
HOBSON, A.C.J., and SCHEB, J., concur.