DOWNEY, Judge.
Appellant, St. Paul Fire & Marine Insurance Company, appeals from final summary judgments entered in favor of appellees, Glenn Aaron Taylor and Andrea Burks Jones, which declared that St. Paul afforded insurance coverage for injury and damages sustained by appellees arising out of an automobile accident.
Taylor and Jones were employed by a Godfather Pizza franchise in Lake Park, Florida. The owner of the Godfather Pizza chain, American Family Pizza, Inc., in cooperation with an amusement park known as Six Flags Atlantis held a promotional contest for Godfather’s employees, the winner to receive free tickets for a day at Six Flags Atlantis. The Lake Park store was one of the winners and the employees decided to make their trip on December 20, 1983.
On the appointed day, Robin McDonald, a training supervisor responsible for the day-to-day management of the store, borrowed her roommate’s car and drove Taylor and Jones to the amusement park in Fort Laud-erdale. The plan was to spend the day there and on their return trip they were to stop by McDonald’s apartment to exchange Christmas gifts, after which she would drive her passengers back to the Lake Park store for them to find their way home. The day went as planned, except that, on the way back to the store from McDonald’s apartment, they were involved in an accident with another car that crossed the median strip and struck McDonald’s car. Taylor and Jones sustained injuries and eventually filed suit therefor. St. Paul, the insurance carrier for American Family Pizza, Inc., filed a separate suit for declaratory relief to determine the availability of coverage, and Taylor and Jones joined issue therein. The trial court granted final judgments for Taylor and Jones, and St. Paul appealed.
*457 Two points are presented for our consideration: 1) whether the trial court erred in finding that St. Paul provided uninsured motorist coverage for Jones and Taylor, and 2) whether the trial court erred in finding, as a matter of law, that Jones and Taylor were acting within the course and scope of their employment at the time of the accident. Since we find no reversible error in the trial court’s disposition of the case, we answer both questions in the negative.
American Family Pizza, Inc., obtained a comprehensive insurance package policy from St. Paul, which included comprehensive auto liability. This facet of the policy covers both hired and non-owned automobiles and furnishes, among other things, liability and uninsured motorist coverage. The basic liability coverage, styled “Comprehensive Auto Liability Protection,” purports to cover the insured and any person he allows to use an auto he owns, rents, or borrows (with certain irrelevant exceptions). The policy also provides for “Liability Protection For Autos You Don’t Own.” This section describes “non-owned autos” as follows:
We’ll cover autos you don’t own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs.
Finally, for purposes of this opinion, the package contains a “Protection Against Uninsured Motorist Endorsement,” which describes the coverage afforded thereby as:
This endorsement increases your coverage under your Comprehensive Auto Liability Protection Agreement. We’ll now cover . all damages, for bodily injury caused by accident, which you or anyone else covered under this endorsement are legally entitled to collect from the driver or owner of an uninsured vehicle. You and other people covered under this endorsement are protected in a covered auto.
The trial court, finding no genuine issue of material fact, entered a comprehensive summary judgment in favor of the employees. Finding that the auto in which Taylor and Jones were riding was covered as a non-owned vehicle as described under the “Liability Protection for Autos You Don’t Own” endorsement, the court concluded that, under section 627.727(1), Florida Statutes, St. Paul was required to provide uninsured motorist coverage to insureds unless the insured rejected such protection. Since the insured herein did not reject such coverage, the court construed the policy as encompassing uninsured motorist protection for the employee’s vehicle available on the date of the accident.
St. Paul argues that the uninsured motorist endorsement restricts such coverage thereunder to any business owned auto and, thus, Taylor and Jones were not covered. Taylor and Jones cite to numerous cases following the leading case of Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (FIa.1971), which set forth the purpose and intention of the uninsured motorist statute to require insurers to offer uninsured motorist coverage coextensive with liability coverage provided in a policy. Mullis also announced the prohibition against insurers inserting exceptions to defeat the statutory scheme. Furthermore, Taylor and Jones contend that, when St. Paul issued the policy in question furnishing liability insurance to the insured and occupants of non-owned autos as described therein, it was required by statute to furnish uninsured motorist coverage for said occupants. Any effort to expressly exclude them by negative provisions restricting the uninsured motorist coverage were invalid.
We agree with the position of the trial court and appellees that the policy in question does afford uninsured motorist coverage to Taylor and Jones under the provisions of the policy and circumstances of this case, and that summary judgment on that aspect of the case was appropriate.
We turn now to the second question involving the court’s determination that Taylor and Jones were within the course and scope of their employment at the time of the accident. As indicated previously, the automobile trip involved in this case *458 came about as a result of the company/employer sponsored contest, won by the Lake Park store employees. The evidence is clear that the contest was to benefit the employer’s business by increasing employee morale and diminishing employee turnover, as well as to stimulate business generally. The employer originated and orchestrated the contest, and the prize was designated by the employer as “Your Store Trip.” There is nq question that the employer encouraged employee participation to the fullest extent and was very laudatory of the group’s efforts. Thus, we believe there was no genuine issue regarding the fact that the trip was within the course and scope of the employment.
St. Paul contends that, even if the trip was within the scope of the appellees’ employment, when the group deviated from their return route and went to McDonald’s house for the exchange of Christmas presents before returning to the Lake Park store, they had abandoned the employer’s interests and were on a mission of their own. Superficially, this is an arguable position. However, the evidence shows that McDonald was the manager of the Lake Park store. She advised her supervisor and obtained permission to stop at her home on the return trip for the exchange of presents prior to returning the employees to the store. Since this activity was going to consume the entire evening, the supervisor made arrangements to have an entire new crew operate the store that evening. Even though the party at McDonald’s house was not, strictly speaking, part of the company’s business promotion, when the accident took place the employees had ceased the purpose of the deviation and were on their way along Military Trail to the Lake Park store — thus, they had clearly returned to the employer’s sponsored trip. Furthermore, as Taylor argues, the inquiry is broader than the determination of whether the injured employees were in the scope of their employment. The insurance policy provision controlling the question at hand required only that the automobile be “used in connection with the insured’s business or personal affairs.” (Emphasis added.) In the context of the company sponsored trip, the approved exchange of presents during the return trip— primarily by employees at McDonald’s home — and the fact that the accident happened while McDonald was returning the employees to the Lake Park Store, persuade us that the trial court was eminently correct in concluding that the automobile was being used in connection with the insured’s business. Furthermore, there is no question but that the auto in question was covered because it was an auto owned by a member of an employee’s household and was being used in the insured’s business.
Finally, St. Paul contends, in all events, summary judgment was not available because there were genuine issues of material fact. However, this court held in Whetzel v. Metropolitan Life Insurance Company, 266 So.2d 89, 91 (Fla. 4th DCA 1972), that “[t]he question as to whether or not the servant in a particular instance was acting within the scope of his employment is a question of law for the court if there is no conflict in the facts.” See also Johnson v. Gulf Life Insurance Company, 429 So.2d 744 (Fla. 3d DCA 1983). It does not appear to us that there is a genuine issue of material fact in the record, and thus the trial court’s disposition by summary judgment was proper.
In view of the foregoing, the summary final judgments appealed from are affirmed.
GUNTHER, J., and VITALE, LINDA L., Associate Judge, concur.