ZEHMER, Judge.
Patricia and Alton Herren appeal a final summary judgment granted in favor of White, White, Wilson and Associates, d/b/a The Flea Market of Tallahassee (White), in the Herrens’ action to hold White liable for damages allegedly caused by one of its employees. Because genuine issues of material fact remain in dispute, we reverse.
The Herrens alleged in their complaint that on April 26, 1985, White owned a golf cart that its employee George Sweat operated with its consent, and that Sweat negligently operated the golf cart with Mrs. Herren as a passenger so that Mrs. Herren was thrown from the cart and injured. In answer to the complaint, White denied ownership of the golf cart, denied that Sweat operated the cart with its consent, and denied that Sweat was in the course and scope of his employment at the time the accident occurred. Depositions of Mr. and Mrs. Herren, Mr. Sweat, and Thomas Springer, manager and co-owner of the flea market, as well as affidavits of Mrs. Her-ren, Mr. Sweat, and Mr. Springer were filed with the court. White moved for summary judgment. After reviewing the pleadings, depositions, affidavits, and citations of authority filed by the parties, the court concluded that
... the facts in the record adduced by the Plaintiffs and the Defendant, WHITE, with reasonable time having been allowed for discovery, are such that reasonable people could not as a matter of law conclude that the golf cart in question was owned by anyone other than SWEAT nor that SWEAT acted with his employer’s knowledge, consent or authority or in the furtherance of his employer’s business....
(R. 285). Upon concluding that there was a “total lack of evidence upon which a jury could find for the Plaintiffs herein on the claims of ownership of the vehicle and the claimed activity of the Defendant, SWEAT, in the course and scope of his employment with WHITE,” the court granted White’s motion for summary judgment (R. 285).
On appeal, the Herrens first contend that the record reveals a dispute as to who owned the cart and that this dispute precluded the lower court from granting summary judgment for White. They further *1022 argue that even if White was not the “actual” owner of the cart, it may have been, under the “beneficial interest” theory, the cart’s legal owner and thus may be held liable for injuries caused by negligent operation of the cart under the dangerous instrumentality doctrine. Because we find a genuine dispute in the testimony regarding actual ownership, we do not reach the question of whether the dangerous instrumentality doctrine may be predicated on the beneficial ownership theory.
Mr. Springer denied that White owned the cart and Mr. Sweat claimed to be the cart’s sole owner. Mr. Herren contradicted Sweat and Springer, testifying at his deposition as follows:
Q He [Mr. Springer] never told you he owned it, did he?
A Yes.
Q Tom Springer told you he owned the golf cart?
A Yes.
Q When?
A It’s for the flea market. I don’t know when. After he bought it. He done all the work on it and everything. It was the flea market’s.
(R. 147).
Under the law pertaining to summary judgments, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied. Braidi Trading Company v. Anthony R. Abraham Enterprises, Inc., 469 So.2d 955 (Fla. 3d DCA .1985); Booth v. Mary Carter Paint Company, 182 So.2d 292 (Fla. 2d DCA 1966). Mr. Herren’s testimony raises such a doubt as to whether, as a matter of law, White was the owner of the golf cart, thus, resolution of this issue in favor of White was error. See Hix v. Sirkis, 190 So.2d 207 (Fla. 3d DCA 1966).
The Herrens next assert that a genuine issue of material fact exists as to whether Mr. Sweat was within the course and scope of his employment with White when Mrs. Herren was injured. In Burroughs Corporation v. American Druggists Insurance Company, 450 So.2d 540 (Fla. 2d DCA 1984), the Second District set forth several elements that may be considered when determining whether a scope of employment issue is so settled as to warrant summary judgment. These elements include:
[t]he type of work for which the employee is employed; whether the specific action is performed substantially within the time and space limits of the employment; whether the action was to some degree activated by a purpose to serve the master; did the employee step aside from his employment to perform an act which the employer did not authorize or expect the employee to perform; was there a slight deviation or departure from the employment; did the employee altogether abandon the employer’s business; was there a departure or clear cut deviation from the employer’s business to perform a non-essential, purely personal errand; was there a return to the employer’s business after the deviation and before the act at issue was committed and could the employer have expected or foreseen the employee’s conduct.
450 So.2d at 544. Here, the record contains evidence from Mr. Springer, Mr. Sweat, and Mrs. Herren that raise disputed issues of fact on this issue.
Mr. Springer testified that Mr. Sweat’s duties on the date of the accident were to stay in the office and answer the telephone during the hours of 9:00 a.m. to 5:00 p.m. (R. 118). Springer stated that Sweat did not use the cart to perform his work duties and that it was not Sweat’s duty to leave the office and look at the stalls (R. 119-121). Mr. Sweat testified that on the date of the accident he worked until 5:00 or 5:30 p.m. (R. 219). He states that he did not perform any further work for the market after 5:30 p.m., and that another employee, Mark Terwilliger, was in charge of the market during the evening of the accident (R. 220).
Mrs. Herren testified to the contrary. She stated that she knew Mr. Sweat was working the evening of the incident because
*1023 this was a pilot, being open Friday nights. And when it was started, it was said that George [Sweat] would be there, but Tom [Springer] was not going to be there.
And any time that Tom Springer was not at the flea market, George Sweat was acting manager to collect the rents, to get extra tables, to have the electric put on, for complaints, anything.
(R. 193). She stated that the office was open after 5:00 p.m. and that she saw Mr. Sweat in the office answering the phone and “running around the beer stand, getting beer glasses out there for the beer stand. He was doing — he was doing what he always did, flea market work” (R. 195-197). Relevant to White’s knowledge of Mr. Sweat’s consumption of alcohol while working, Mrs. Herren testified that Mr. Sweat was “drinking all the time” and she overheard many office arguments over that point (R. 209). She stated,
Our stand was very close. Because of George drinking all the time, Tom would get on him very often, because he was drinking while driving the golf cart, drinking while driving another car that they had on the flea market.
(R. 209). In her affidavit, Mrs. Herren stated that she believed Mr. Sweat was working in his capacity as a manager when she sat down in the golf cart the night of the accident (R. 39). Moreover, there was evidence that the chain of command, so to speak, had Springer in charge, Sweat under him, and Terwilliger under Sweat.
Summary judgment should not be used to dispose of a scope of employment issue unless the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion. Burroughs Corporation v. American Druggists Insurance Company, 450 So.2d 540. The duty of the lower court is not to resolve conflicting issues of fact, but to determine whether genuine issues of material fact exist. Booth v. Mary Carter Paint Company, 182 So.2d 292. Once such facts are shown to exist, the motion for summary judgment should be denied. Booth, 182 So.2d at 296. Here, the lower court usurped the function of the jury by resolving the conflicting evidence as to whether Mr. Sweat was within the course and scope of his employment with White when the incident occurred.
The final summary judgment is REVERSED and this cause is REMANDED for further proceedings.
ERVIN and WENTWORTH, JJ., concur.