SCHEB, Acting Chief Judge.
Appellant William F. Berg challenges a final summary judgment of foreclosure entered in favor of appellee E. Joseph Newton. Berg contends that there is a disputed issue of material fact concerning whether Newton fraudulently induced him to purchase real property. We agree in part.
The record reveals that on May 8, 1981, Berg contracted to purchase from Newton real property in Charlotte County for $127,-000. The contract provided that Newton would furnish marketable title, to be evidenced by a title insurance binder. The property was to be conveyed by a warranty deed “free and clear from all encumbrances, ... all subdivision restrictions, [and] zoning ordinances, which do not prohibit the property from being used for mobile home park use.”
On June 2, the parties amended their contract to clarify the specific amounts of money due at the closing scheduled for June 19. However, the closing did not occur as scheduled, and the parties entered into an agreement for deed on June 23.
The agreement for deed made no specific reference to Berg’s intended use of the property, and Newton promised only to convey the property by a warranty deed “subject to ... restrictions, reservations and easements of record.” The agreement also specified that $45,000 was due on July 17, at which time Berg had the option to either assume an existing mortgage for $27,000 or to pay that amount to Newton to satisfy the mortgage.
Before the $45,000 payment was due, Berg hired Carl Futch, a real estate agent, to perform a project feasibility study. Futch informed Berg that the property lacked the necessary access and zoning to accommodate mobile home park use. Berg then contacted Charlotte County Abstract and Title Company, which indicated that there was no easement of record for ingress and egress to the landlocked property. The road, which provided the only access to the property, was owned by an adjoining landowner rather than the county-
*167 Claiming the property was worthless to him without the desired zoning and proper access, Berg refused to make any further payment and requested the return of his $55,000 deposit on July 24. Berg hired James E. Moore, III, an attorney, to assist him in attempting to have the property rezoned and in resolving the access problem. However, Berg and Moore were unsuccessful in their efforts. When Newton refused to return his deposit, Berg filed suit for rescission on November 1. Shortly thereafter, Berg amended his complaint and added Phillip F. Wilson, d/b/a Wilson Realty as a defendant. Berg claimed that both Newton and Wilson had fraudulently represented that the property had the necessary access and was zoned for mobile home park use as an inducement for Berg to enter into the agreement for deed.[1] Newton counterclaimed to foreclose the agreement for deed and filed a motion for summary judgment with supporting affidavits.
The trial court entered a partial summary judgment in favor of Newton. The court found that the May 8 contract was “discharged, abrogated and replaced by the agreement for deed,” which acted as a no-vation and created an entirely new and unambiguous agreement. The court further found that the only representations regarding zoning made to Berg were contained in a letter dated January 21, 1981, from the Zoning Director of Charlotte County. Thus, the court held that Berg breached the agreement since at the time of closing, Newton was ready, willing, and able to deliver a title binder and the required deed, subject only to the exceptions in the June 23 agreement for deed.
The trial court proceeded to incorporate its partial summary judgment findings in a summary final judgment of foreclosure filed February 1, 1988, in which Berg was ordered to pay the balance due under the agreement. On appeal, Berg argues that the summary judgment in favor of Newton was improper because there remained disputed issues of material fact as to whether Newton fraudulently represented that his property was zoned for and had access to accommodate a mobile home park.
The basic principles concerning entry of summary judgments are well established. A summary judgment may be entered only when it is conclusively demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R. Civ.P. 1.510; Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Burroughs Corp. v. American Druggists’ Ins., 450 So.2d 540, 543 (Fla. 2d DCA 1984). Where there is any doubt or where conflicting inferences may reasonably be adduced from the evidence concerning the existence or nonexistence of a genuine issue of material fact, a motion for summary judgment must be denied. Id. Moreover, the issue of fraud is not ordinarily a proper subject for summary judgment. Fraud, being a subtle matter, ordinarily requires a full explanation of the facts and circumstances of the alleged wrong. Farag v. National Data Bank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984).
We agree with the trial judge’s conclusion that there is no material issue of fact regarding whether Newton fraudulently induced Berg to enter into the agreement for deed by misrepresenting the property’s zoning classification. Berg himself admitted in his deposition that the only representation Newton made was based on a letter from the zoning department, which indicated that the land was zoned for mobile home use. Berg testified that both he and Newton were unfamiliar with mobile home park development and did not realize that a zoning classification that permits mobile home use does not allow development of a mobile home park.
The record, however, does disclose a disputed issue of whether Newton fraudulently induced Berg to purchase the property by representing that the property had access to accommodate a mobile home park development. Berg testified in his deposition that he asked Newton about ingress *168 and egress to the property prior to signing the May 8 contract. At that time, Newton responded that he used a gate to access the property from a county maintained road, implying perhaps that there was access to accommodate the use identified in the May 8 contract. Moreover, in his deposition, Moore stated that Newton asked him prior to signing the contract for deed whether he had legal access to the property. Moore responded that Newton did not have such a legal right. When asked if he thought Newton had intended to perpetrate a fraud and sell the property despite the access problem, Moore responded, “Yes.” Thus, it could reasonably be inferred from the evidence that Newton intended his initial representation as to access to remain in effect as an inducement for Berg to sign the agreement for deed.
On the other hand, Newton claims he did not intend to perpetrate a fraud when he made representations regarding access. Newton stated that although he asked Moore about access to the property, he obtained and relied on legal advice from another attorney. That attorney indicated there was no problem with access. Furthermore, Newton stated that he had received a title insurance commitment, which made no exception for access, when he purchased the property. Thus, it could be inferred from the evidence that Newton did not intend to mislead Berg. Likewise, a trier of fact may draw different conclusions of whether Moore knew what, if any, representations Newton made to Berg regarding access.
As noted, even where the evidence is not in conflict, a summary judgment should not be entered if a trier of fact can draw conflicting inferences from the evidence. See Wills at 32. Therefore, we think the trial court erred in entering a summary judgment on the question of whether Newton intended to induce Berg to sign the agreement for deed by fraudulently representing that the property had access to accommodate a mobile home park.
Accordingly, we affirm the final summary judgment of foreclosure in favor of Newton on the issue of zoning, but we vacate the judgment on the issue of access. We remand to the trial court for further proceedings consistent with this opinion.
RYDER and SCHOONOVER, JJ., concur.

. We note that the partial summary judgment and the final summary judgment of foreclosure make no disposition regarding Berg’s suit against Wilson.