646 So.2d 836 (1994)
Geraldine WOODS, Appellant,
v.
CITY OF MIAMI, Appellee.
No. 94-019.
District Court of Appeal of Florida, Third District.
December 14, 1994.
Cain & Snihur and May L. Cain, North Miami Beach, for appellant.
A. Quinn Jones, III, City Atty. and David Forrestier, Asst. City Atty. and Theresa L. Girten, Asst. City Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and GREEN, JJ.
GREEN, Judge.
This is an appeal from an adverse final summary judgment in a personal injury action. We reverse.
Plaintiff Geraldine Woods alleges that she was injured when an unidentified uniformed City of Miami police officer in the company of several other unknown police officers "rushed by" her at approximately 12:30 p.m. in the corridor of the courthouse known as the Richard E. Gerstein Justice Building (formerly known as the Metropolitan Justice Building) and knocked her to the floor. We conclude based on this sketchy record that the City of Miami has failed to establish as a matter of law  in accord with its burden on summary judgment  that the police officer was not acting in furtherance of his duties with the City at the time and place of this incident. As such, we find that the trial court erred in granting summary judgment.
Whether an employee's act was committed within the scope of his employment or in furtherance of the employer's interest generally presents a question for the jury when there are varying inferences and conclusions to be drawn. Maybin v. Thompson, 514 So.2d 1129 (Fla. 2d DCA 1987); Burroughs Corp. v. American Druggists Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984); Genpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983). As the Second District Court of Appeal explained:
Concerning scope of employment, only where the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion can it be said that the issue is one which may be decided by the court as a matter of law.
Burroughs v. American Druggists, 450 So.2d at 544.
We do not think that it can be said for certain in the instant case that there is but one inference to be made or one conclusion to be drawn based on this sketchy record about a police officer's presence in the corridors of a courthouse during the noon lunch hour. Hence, this matter is clearly not one for resolution on summary judgment. However, we do not preclude the entry of a directed verdict for the City of Miami at trial *837 because (a) the plaintiff, rather than the City, will have the burden of proof on the scope of employment issue and (b) a more developed record may be presented at trial.
Reversed and remanded.