RAMIREZ, J.
Appellants Allen Masconi and Denise Masconi Krause appeal the entry of an adverse final summary judgment in a personal injury case filed against their landlord, Appellees Alberto C. Regueiro and Teresa V. Regueiro. Because we find that the Regueiros vicariously breached their duty of care owed to Masconi, we reverse.
The Regueiros authorized their tenant, Armando Sosa, to collect rent and maintain their property. On June 3, 1998, Allen Masconi went to Sosa’s unit to pay his rent. As they were speaking about a maintenance problem in Masconi’s unit, Sosa heard the smoke alarm sound off and smelled smoke. He asked Masconi to wait and proceeded into his kitchen where he found overheated cooking oil and the kitchen filled with smoke. Sosa grabbed the pot of oil and attempted to throw the oil outside. Masconi, while waiting for Sosa at the front door of Sosa’s unit, was doused with cooking oil.
Masconi sued the Regueiros alleging that they breached a duty of care owed to him by improperly instructing or directing him to pay rent to Sosa who did not have the skill, knowledge, or facilities available to carry out his duties; failing to install, monitor, and maintain smoke detectors in kitchen areas; and failing to inform or warn Masconi of a known dangerous condition. He also alleged that the Regueiros were vicariously liable for Sosa’s acts because Sosa was the Regueiros’ agent acting in the course and scope of his agency in the collection of rent and maintenance of the Regueiros’ property when Sosa doused Masconi with oil.
The trial court found that Sosa acted within the scope of his employment as the Regueiros’ agent, but that he stepped away from that duty when he went to retrieve the pot of oil. We disagree. As the Second District stated in Burroughs Corp. v. American Druggists’ Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984):
Concerning scope of employment, only where the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion can it be said that the issue is one which may' be decided by the court as a matter of law. Where there are varying inferences to be made and conclusions to be drawn, the matter is one which should be submitted to a jury.-
Id. at 544. In determining whether an agent’s action is within the scope of employment, factors to consider include: the type of work for which the employee is employed; whether the specific action is performed substantially within the time and space limits of the employment; whether the action was, to some degree, activated by a purpose to serve the master; whether the employee stepped aside from his/her employment to perform an act which the employer did not authorize or expect the employee to perform; whether there was a slight deviation or departure from the employment; and whether the employer could have expected or foreseen the employee’s conduct. See Burroughs Corp., supra, 450 So.2d at 544; see also Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3d DCA 1983); Morrison Motor Co. v. Manheim Serv. Corp., 346 So.2d 102 (Fla. 2d DCA 1977). We cannot agree that, after reviewing these factors, a jury could not find that Sosa was acting within the scope of his agency.
When the Regueiros appointed Sosa as their tenant/agent, they authorized Sosa to act for them while residing on the premises. Sosa was thus allowed to cook in his unit and the Regueiros could have foreseen Sosa’s use of the kitchen stove for cooking. There was no evidence presented that the Regueiros did not authorize or expect Sosa’s conduct. Sosa interrupted one task, collecting rent and discussing *473 maintenance, to resolve a more urgent task, dousing a fire that could potentially destroy the Regueiros’ property. A jury could very well conclude that Sosa’s retrieval of the pot of oil was at least partially motivated by his intent to minimize damage to the Regueiros’ property. When Sosa doused Masconi, he did so within the time and space limits of his employment as Masconi visited Sosa to deliver his rental payment and discuss maintenance. Thus, the trier of fact could find that Sosa acted within the scope of his employment when Masconi’s injuries occurred and did not step away or abandon the Regueiros’ business.
For these reasons, we reverse the final summary judgment entered in favor of the Regueiros.
SORONDO, J., concurs.