VAN NORTWICK, J.
Bruce Holt, as personal representative of the estate of Claude Earl Holt, appellee, filed a wrongful death action against Columbia County and the Columbia County Board of Commissioners, appellants, arising out of a tragic vehicular accident in which Claude Holt, an employee of Columbia County’s Public Works Department, suffered fatal injuries when his vehicle was struck by a dump truck driven by another employee of the same County Department. Appellants appeal an order granting partial summary judgment and ruling that appellants were not entitled to assert workers’ compensation immunity in defense of the appellee’s claims on the dual grounds that Holt and the driver of the dump truck were assigned primarily to unrelated works under section 440.11(1), Florida Statutes (2000), and that, at the time of the accident, Holt was engaged in a purely private mission and was not within the scope of his employment. Because we find that appellants are entitled to assert workers’ compensation immunity and that disputed issues of fact remain whether Holt was engaged in a purely private mission, we reverse and remand for further proceedings consistent with this opinion.

Factual and Procedural Background

Claude Holt was employed by Columbia County in the sign repair shop located in the yard of the County’s Public Works Department. Holt’s employment duties included replacing and repairing traffic signs on the roadways of Columbia County, making traffic signs in the sign shop, and driving the roads in the County to inspect for signs in need of replacement or repair. Holt’s job responsibilities required that, for approximately 80% of his workday, he worked outside of the Public Works yard on the roadways.
During the morning of December 28, 2000, Holt and a coworker were assigned *320 to replace a stop sign at the Intersection of State Road 47 and County Road 242, south of the Public Works Department yard. After replacing the sign, they normally would have returned to the yard for further assignments. Holt realized, however, that he had forgotten to take his blood pressure medication that morning and, after replacing the sign, the two men drove to Holt’s home to obtain his medication. Holt’s home was located south of the work site, in the opposite direction from the Public Works Department yard. During their return from Holt’s home to the Public Works yard, Holt’s vehicle was struck by a Public Works Department dump truck driven by another employee of the Department. The driver of the dump truck was on his way to pick up a load of rock for delivery to the Public Works Department yard for later use by the Department in road construction and repair.
The appellee filed suit for Holt’s wrongful death allegedly caused by the negligence of the dump truck driver. The appellants asserted workers’ compensation immunity as an affirmative defense. After discovery, the parties each filed motions for partial summary judgment on the issue of workers’ compensation immunity. Following a hearing on the motions, the trial court entered the order on appeal granting partial summary judgment in favor of ap-pellee. In its order, the trial court explained its ruling, in pertinent part, as follows:
2. Claude Earl Holt was on a personal errand and was not acting or operating in the furtherance of the employer’s business when a dump truck driven by Timothy Reed crossed the centerline of the roadway on which their vehicles were traveling and collided head-on with the vehicle operated by Claude Earl Holt, causing his death. It is clear from the uncontroverted testimony and evidence that Claude Earl Holt had traveled over 20 miles from the place at which he had last performed a task on behalf of his employer to his home where he had driven for blood pressure medication and he had not returned to the employer’s place of business or his point of departure. His personal trip to obtain medication was of no benefit to his employer. Accordingly, workers’ compensation immunity is not an issue which can be raised to preclude Plaintiffs claim.
3. Even had Claude Earl Holt been involved in activity in the furtherance of his employer’s business, which he was not, he and the tort-feasor were involved in unrelated works and the exception to workers’ compensation immunity found in Section 440.11(1), Florida Statutes, would apply. Under the facts of this case, as established by the un-controverted evidence, the unrelated works exception to the workers’ compensation immunity provision of Florida law would apply....
(Citations omitted). This appeal ensued.

Unrelated Works Doctrine

As a general rule, “an employer’s liability under workers’ compensation is exclusive and in place of all other liability as to third-party toi'tfeasors and employees.” Holmes County School Board v. Duffell, 651 So.2d 1176, 1177 (Fla.1995). However, this immunity is not applicable when the employee’s injuries result from the conduct of co-employees assigned primarily to unrelated works. Holmes County, 651 So.2d at 1178. This exception, which is set forth in section 440.11(1) and is known as the unrelated works exception, provides in pertinent part:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in further- *321 anee of the employer’s business ... such immunities [shall not] be applicable to employees of the same employer when each is operating in furtherance of the employer’s business but they are assigned primarily to unrelated works....
The Florida Supreme Court recently addressed this exception in Taylor v. School Board of Brevard County, 888 So.2d 1 (Fla.2004). There, the Court explained that the unrelated works exception should be interpreted narrowly and “applied only when it can clearly be demonstrated that a fellow employee whose actions caused the injury was engaged in works unrelated to the duties of the injured employee.” Id. at 5. The Court reasoned that to interpret the exception other than narrowly, the fundamental purpose of the Workers’ Compensation Law “to provide benefits for work place injuries in place of common law remedies” would be compromised. Id.
In Taylor, a school bus attendant was injured when a school bus wheelchair lift fell on him causing injury. Taylor filed suit, contending his fellow employees were not entitled to immunity because he and the school board mechanics were involved in unrelated works. The Supreme Court disagreed finding that “the school bus attendant and the school bus mechanic were both employed by the school board and both had jobs that dealt with the bus: the attendant interacted with students who rode the bus and the mechanic maintained and repaired the bus.” Id. Further, they “had in common the provision of transportation services to Brevard County school children” and therefore the work of the school bus mechanics was not unrelated to the work of Taylor, the injured attendant. Id.
Turning to the facts of this case, Claude Holt and his co-employee, Timothy Reed, both worked for the County’s Public Works Department. They reported to work .at the same job location and held jobs- related to the upkeep of the streets and highways of Columbia County. They had in common the repair and maintenance of these streets and highways. Following the interpretation of section 440.11(1) adopted by the Florida Supreme Court in Taylor, we conclude that it has not been clearly demonstrated that Holt and Reed were engaged in unrelated works, and thus, the exception does not apply.

Scope of Employment

In the order on appeal, the trial court also ruled that appellants possessed no workers’ compensation immunity because, at the time of the accident, Holt was engaged in a personal errand, and was not within the scope of his employment. Appellants argue that granting summary judgment on this issue was erroneous, because disputed issues of fact remain concerning whether Holt was performing his employment duties at the time of the accident.
 “The established rule in Florida is that when one is engaged in a purely private mission he is not within the scope of his employment until he returns to the employer’s place of business or point of departure.” N. & L. Auto Parts Co. v. Doman, 111 So.2d 270, 272 (Fla. 1st DCA 1959). Based upon evidence in the record and inferences therefrom, appellants argue that the evidence is in dispute as to whether Holt was engaged in a purely private mission at the time of his accident. Although it is undisputed that Holt had returned, to his home to obtain blood pressure medication, the appellants contend that on his drive back to the yard he was nonetheless riding the roads of the county and, inferentially, inspecting the roads for signs in need of repair — a part of his job duties. ■ -His supervisor' testified that he *322 was not concerned that Holt returned to his home to get his blood pressure medicine, because Holt was still “in the general area, just riding, checking roads.” Thus, appellants submit that a genuine issue of fact remains as to whether Holt was reasonably fulfilling his employment duties or engaged in activities incidental thereto at the time of his accident. See Gray v. Eastern Airlines, Inc., 475 So.2d 1288, 1289 (Fla. 1st DCA 1985). “Whether an employee’s act was committed within the scope of his employment or in furtherance of the employer’s interest generally presents a question for the jury when there are varying inferences and conclusions to be drawn.” Woods v. City of Miami, 646 So.2d 836 (Fla. 3d DCA 1994). Accordingly, a question of material fact exists whether the decedent was engaged in a purely private mission at the time of his accident.
REVERSED and REMANDED.
WOLF, C.J. and ERVIN, J., CONCUR.